# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER, aka<br>GARY FRANCIS FISHER,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBERT H. STOVER, et al.,<br><br>  Defendants. | Case No. 1:13-cv-01877  LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>THIRTY-DAY OBJECTION DEADLINE |

Plaintiff Gary Dale Barger ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on November 12, 2013. The action was transferred to this Court on November 18, 2013. Plaintiff names Kings County Public Defender Robert J. Stover, Kings County Superior Court Judge James LaPort, California Attorney General Kamala Harris, Correctional Officers Aranda, Shinault, Thomas and Howard, and Lt. Cruz as Defendants.

**A.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Corcoran State Prison in Corcoran, California.

As a threshold matter, the Court notes that Plaintiff has completed a section 1983 form. Under the section 1983 title in the caption, he writes, "Under Klu Klux Klan Act 1871, 28 U.S.C. § 1343(3)(4) Adjunct to Petition for Habeas Corpus." In the proof of service, Plaintiff titles the document as a Petition for Writ of Habeas Corpus. In "instructions" to the Clerk, Plaintiff states,

"I'm running a habeas corpus with a 1983 so please file accordingly."

In his factual allegations, Plaintiff states that on July 24, 2013, he went to Kings County Superior Court and met with his appointed counsel, Defendant Robert Stover. Plaintiff asked for a copy of the charges (assault on a correctional officer), but Defendant Stover just said that he had a deal for Plaintiff. Plaintiff pled no contest. He alleges that the failure to properly serve him violated due process. Plaintiff further alleges that Defendant Harris oversees the criminal justice system in California and allowed the due process violation to occur.

Plaintiff also alleges that he received ineffective assistance of counsel.

As to the underlying crime, Plaintiff states that it was an "in house" violation behind prison walls occurring on November 29, 2012. He did not receive a Miranda warning, a hearing, fair notice of the charges against him or the right to call a "friendly" witness. He also did not know that he had a court date.

Plaintiff alleges that there were similar deficiencies with another rules violation, occurring on November 7, 2012. Over a year later, Plaintiff had not been served with papers. However, he was found guilty and given a SHU term in solitary confinement. He contends that he was deprived of the right to present witnesses at a hearing, which took place ten months after the alleged violation. Plaintiff states that he has not been taken to court "so far" on this violation.

On February 25, 2013,[1] Plaintiff filed a petition for writ of habeas corpus in Kings County Superior Court related to his right to use the law library and receive legal mail. It also set forth the alleged due process violations from the above rules violations. Defendant Judge LaPorte denied Plaintiff's request for a temporary restraining order, and Plaintiff contends that this decision is invalid.

On May 1, 2013, Plaintiff was sent to Pelican Bay State Prison. He was sent back to Corcoran for the court proceeding that he is now attacking. He alleges that Correctional Officer Magadellennes used excessive force due "in part" to Defendant LaPort's ruling.[2]

In pleadings attached to the complaint that set out Plaintiff's criminal history, Plaintiff states

---

[1] Plaintiff states that this occurred in 2012, but given the timing of the events at issue, it appears that 2013 is the correct date.

[2] Plaintiff states that this use of excessive force is currently being litigated in another 1983 action.

that he is "run[ning] a federal habeas corpus with a 42 U.S.C. § 1983 under the Klu Klux Klan Act of 1871." ECF No. 1 at 14. Plaintiff also calls the pleading a petition for writ of habeas corpus and states that he is challenging his criminal career and seeks exoneration in a federal forum.

For relief, Plaintiff requests that he be released from solitary confinement and rewarded $81,000,000,000.

**C.    DISCUSSION**

It is clear from Plaintiff's statements that this action is primarily a petition for writ of habeas corpus in which he is challenging at least one criminal conviction. For this reason, this action should be dismissed, without prejudice, to refiling as a habeas action.

While in some instances the Court can simply redesignate an action, the Court will not do so here. Plaintiff admits that he is challenging a criminal conviction through this petition for writ of habeas corpus, but he also attempting to join a section 1983 claim to his habeas petition. Plaintiff states:

> The District Court in this case can view this habeas corpus claim merely as an adjunct to civil rights action, thus obviating the need for exhausting state remedies, and on the merits ruled for my efforts, a ruling that in each case would entitle me to immediate release from prison. Since I'm challenging the fact and/or duration of my physical imprisonment and by way of relief seek a determination that is a [sic] expedited release, my sole remedy . . . is a writ of habeas corpus.

ECF No. 2, at 3.

Although the exact nature of the section 1983 claim is unclear, Plaintiff cannot bring a section 1983 claim within a petition for writ of habeas corpus. Plaintiff appears to understand this, but nonetheless requests that the Court join the claims for various reasons, including circumvention of the exhaustion requirement.

The Court cannot, and will not, join a section 1983 claim with a petition for writ of habeas corpus. As Plaintiff's section 1983 claims are not clear, the Court will not dismiss the complaint with leave to amend. Rather, because this action is primarily a petition for writ of habeas corpus, the action should be dismissed without prejudice to refiling as a habeas petition. If Plaintiff wishes to bring claims related to his conditions of confinement, he must do so by a separate section 1983 action.

4

**D.     RECOMMENDATION**

For these reasons, the Court RECOMMENDS:

1. That this action be DISMISSED WITHOUT PREJUDICE; and

2. That the Clerk's Office send Plaintiff a both a petition for writ of habeas corpus form and a section 1983 form.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 29, 2014**               /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE